Good morning, and may it please the Court. Andy Wiener for Catherine LaRosa. I'm here with my colleague Mike Walkus. We are here on Ms. LaRosa's request for innocent spouse relief under Section 2015F with respect to joint and several liability arising out of tax underpayment interest as well as the interest accruing on the erroneous refund of tax. Ms. LaRosa submitted her request at the administrative level that was denied for a gatekeeping issue, a technical detail of whether or not the erroneous refund constituted a tax underpayment. The tax court, as well, agreed on that on the basis of the fact that this was not an erroneous rebate refund. We would submit that the rebate, non-rebate distinction here is a total red herring. It has no bearing on whether – It's one that the tax court and the IRS seems really committed to trying to make happen no matter how many times courts tell them they're not going to do that. I just read all these cases where they argue this distinction really matters. There's case after case where the courts are like, no, no, no. What is your sense of why they're trying so hard to make this distinction happen? Well, I would say that, honestly, I think it's probably the product of the fact that this is, in this particular area of case law, we've got erroneous refunds. This is the case law that they look to and so then they try to square their argument with that case law. I do think that that case law, though, answers a categorically different question. Which is how the IRS has to go about proceeding. Correct. Okay. Yeah, and the question here is whether or not you have an unpaid tax. It's a question of statutory interpretation. We start with 6015. 6015 provides relief, equitable relief. It's a catch-all type of relief from joint and several liability and it applies to any deficiency or unpaid tax. Now, going through what constitutes an unpaid tax. Well, the reason why rebate refunds have no bearing on it is rebate refunds refer to what is a rebate. A rebate is a component of what constitutes a deficiency under Section 6211. So if you don't have a rebate, you arguably don't have a deficiency. Makes sense. However, that's as far as that logic will take you. A deficiency does not capture all taxes. And in fact, if you look at the definition of a deficiency under 6211, you will see the deficiency only applies to subtitle A and subtitle B of the Internal Revenue Code. That would be the income tax and the state and gift tax. But there are lots of other subtitles in the Internal Revenue Code and there are lots of other taxes. And specifically taxes with respect to interest. Why? Because Congress has told us that underpayment interest specifically is a tax. And so I would suggest we submit that that whole line of reasoning is beside the point. So in your view, is this erroneous refund, is this a new tax liability that has emerged or is this reviving an old tax liability? And does it matter? I don't know if it matters, but I would submit that it's more of a reviving an old tax liability. Why do I say that? Because tax liability is imposed by statute. It's imposed by the terms of the Internal Revenue Code. And when you pay your tax, which you are required to do when your tax is due and without any form of procedure such as an assessment, when you pay your tax and you satisfy the liability that's determined under the Internal Revenue Code, when the IRS makes a determination, erroneous or not, to refund a portion of that, that means that your tax is no longer satisfied. It is no longer paid. And so therefore it's sort of revived the tax liability. The liability is determined by the terms of the Internal Revenue Code. The erroneous refund based on a substantive determination by the IRS means that you now have an outstanding liability because the code requires you to pay more than what you actually did. So that's why I would call it a revival of your tax liability. But getting to what I do think that the proper construction or the proper analysis of this particular issue is, is whether there's been a substantive recalculation, as this court put it in Singleton, of an item of tax. This court said substantive recalculation. The Sixth Circuit said deliberate. The Seventh Circuit in O'Brien said a reevaluation. But in the end of the day, the question is whether the IRS has made a determination that you have overpaid a particular item and returned that item to you. If they decide that that is incorrect and that that refund was erroneous, so be it. But that means that you owe a tax. You owe an amount that's been dictated by the Internal Revenue Code and you have underpaid that amount. And that is the situation that my client finds herself in today. Her husband submitted a claim for refund saying that he had over, that they, because it was a joint return, had overpaid the interest that was due on a settlement based on tax years 81 through 82 and 85 and 86. That was initially denied. And then the IRS changed its mind, said you know what? You're right. You're entitled to this refund of interest. The refund was made. And then the IRS changed its mind and brought in action under 7405. All of that the government is entitled to do. The question here, however, is whether my client, who is the innocent spouse who had no idea that the refund claim was submitted. She claims. She claims. Fair enough. We would love to be able to get to the merits of this case. But in order to do that, we need to obviously make sure that we are eligible under the terms of the code. And because this is an unpaid tax, we squarely fit within those terms. Can I just make sure that I understand? So really what you want is for the commissioner to decide whether to do this. Because even assuming that you win this issue here and even assuming you win the issue before the tax court, that just makes her potentially eligible for this, right? Correct. And are there like, are there published regulations or guidance or standard about when the commissioner will or won't exercise their discretion to actually grant this kind of relief? Yeah, there is a revenue procedure under, I think it's 2013-34, although that's off the top of my head. But there's sort of, like once we've determined that you're in the eligibility bucket, there's like, there's sort of guided discretion about whether we're actually going to do this? Yeah, it's a fairly extensive analysis of here are six factors that you should consider. It's an all facts and circumstances test as sort of equitable, you know, catch all provisions tend to apply, but then that, because the IRS has to deal with 180 million filers every year and aims for consistency, the IRS has put out publication that tries to bring some discipline to that analysis. And what we want to do is to get to that analysis. And I understand that the government considers that we've made allegations and we haven't proven them. Our request here is a reversal of the tax court's decision to remand for further proceedings so that we can actually prove the equitable. So one of the things that would have to happen on remand right now is to try to disaggregate this, I want to make sure I have this right, this over and underpayment interest issue? Because you now can see that at least some of that does not, you can see that one of those does not qualify. At least now you can see that one of those does not qualify, right? Correct. However, I would say this. I want to clarify which one it is. You claim that overpayment, you agree with the government now, right, that overpayment interest is not a tax? Overpayment interest... The government owes you money that they don't pay, and then they start to accrue interest on the money they have not paid you. That's not a tax you previously owed and now are getting refunded. That's the government paying interest on money it owes the taxpayer, right? Yeah, so to draw a simple distinction, the underpayment interest is interest that accrues on a liability that you have to the government. The overpayment interest... So when I file my taxes and it turns out I didn't pay all the tax I should have, that's underpayment interest, right? That's underpayment interest. Overpayment, yeah, I'm sorry. Is your evidence on which parts of the refund were underpayment interest and which parts were overpayment interest and all that, your evidence on that is the Pelican Declaration, as I understand it, right? This IRS employee in 1997, when all of this litigation was originally, or part of it was originally happening, he submitted a pretty detailed declaration specifying which dollar amounts were underpayment interest, which were overpayment interest, and the new and old method of calculating them. So you submitted that to the tax court, right? Yeah, and that is... So there are two things that we cite to in terms of the numbers that you'll see on page six of our opening brief. We cite to that declaration that you just referred to, Your Honor. We also cite to the government's complaint in the 7405 case. I would say there's an interesting addendum to this. Just so I'm... Again, this is just a framing question. The tax court didn't reach any of that because the tax court said none of this matters because none of it qualifies. Correct. And the government on appeal says it's impossible to discern which amounts are which, but Mr. Pelican seems to have done that. Yes. What the government is saying in its argument is that there are kind of two ways that you could compute an interest here. It's a bit of a detailed answer, but I think it's worth going into. You have underpayment interest that accrued in years 81 through 83. You have overpayment interest that accrued in 85 and 86. And then you have a settlement of all of the years in 91. The way that the government framed its case in the 7405 action is to say that underpayment interest and overpayment interest both accrued and then we netted them out in 1991. That's one way of doing it. And that's the way that they say was correct. That was the quote unquote old method. The new method was to net them out as of when the overpayment interest, when the overpayments were made in 85 and 86. You get to the same result in terms of the ultimate number, but those underpayment and overpayment interest figures actually change because there you have, because you're netting the overpayments against the underpayments when the overpayments happen, none of the overpayment interest accrues. So the overpayment interest would be zero according to the alternative way of doing it. And then you just have underpayment interest. So the government's argument actually helps us in this case because we have taken the greatest division of, the way that the numbers reflect on page 6 of our brief is you have about a million dollars of underpayment interest and about $500,000 of overpayment interest. But if you netted them, and that's netting them in 1991, if you netted them when the overpayments were made, you would have zero overpayment interest and you would have all underpayment interest, $1.5 million of underpayment interest. And so that suggests that she should be entitled to full relief from her liability, or at least eligible for full relief from this liability. And so that is something that we'll address when we go back. But to get to Judge Hayden's point, that's not something that we ever got to because the court never reached the merits. This was a motion to dismiss that the court refashioned as a motion for summary judgment on the pleadings and decided the issue that Mrs. Rosa wasn't eligible as a matter of law. And other than, again, it's global holding that you're just completely out of luck, did the tax court reach this interest-on-interest question, and whether that kind of... No. The tax court didn't reach that particular issue. Let me be clear, though. We did claim relief from the full amount of the liability. So we have preserved that issue. And there... It's just an issue the tax court has never passed on. The issue is the tax court has not passed on, made no mention of it in its judgment or in its decision, rather. And we submit that you should treat the interest that accrues on an erroneous refund the same as you treat underpayment interest because they are functionally equivalent in every way. They use the same rates. They both apply by definition. 6602 talks about interest that accrues on a tax liability. So they both accrue on a tax liability. They are both obviously in Title 26, the Internal Revenue Code. And they are both subject to the same collection authorities by the Internal Revenue Service. And so we would say that they are functionally equivalent, and therefore that it would also make no sense for her to be eligible for relief from a liability, but the interest that accrues on that liability would not be eligible for relief. So she should be. That as well is an unpaid tax for all of the reasons that I just went through, which apply equally to underpayment interest as apply to the 6602, the neighboring provision in the Internal Revenue Code, the interest that accrues on an erroneous refund. Can we go back to your citation of the O'Brien case? So there, as I read the case, the court held that the unjust enrichment was the basis for the government's ability to file suit and that the tax liability had been extinguished. So here, if we were to follow the same logic, the tax liability would have been extinguished and there would have been an unjust enrichment and so a new liability. There wasn't a tax. Well, I do think that courts have been admittedly historically a little imprecise of their use of assessment and liability. Like I would cite to page 345 of that decision, as a taxpayer makes payment against a tax assessment, the assessment is extinguished. That is correct. And that is what that entire line of case law, if you look at O'Brien, Bilzerian, Williams, they all stand for this proposition that when a taxpayer pays a tax and there's an erroneous refund, the IRS can't use its administrative collection authorities because the assessment has been extinguished. And an assessment is an incredibly important procedural mechanism in the Internal Revenue Code because what does an assessment do? It turns on the IRS's collection authorities. And so if you make a payment and the assessment is extinguished, the point of that line of cases is the IRS, you need to make another assessment before you can exercise collection authorities. That means submit a lien, impose a levy. In all of those cases where the IRS is lost, the IRS did not go to the trouble of making another supplemental assessment. The IRS can do that. In fact, the IRS did that in the context, and I see that my time is up. If I could just finish my answer? Of course. The IRS did that in ideal realty. Why is ideal realty a really important case here? It is because the IRS entered into a settlement, made an erroneous refund of underpayment interest, then made a supplemental assessment and collected it. The court was dealing with an ancillary procedure. It wasn't answering the question as to whether it was an unpaid tax, but the court affirmed the IRS's collection authority there. And that's what the IRS did. In this case, the IRS is taking the exact opposite tact. It's an example of doing exactly what the IRS says it doesn't have to do. Thank you, Campbell. We'll hear from you on rebuttal. Let's hear from the commissioner's  May it please the court, Robert Bramman for the Commissioner of Internal Revenue. Mrs. La Rosa seeks relief under 6015F, which is restricted for liabilities arising for an unpaid tax or deficiency. It may seem like an arcane point. What's the big deal? She's got a liability to the United States. What difference does it make whether it's an unpaid tax or something else having to do with the IRS? Before you get into that, can I just ask you two questions that are just rattling around in my head? Of course. Why did it take 20 years to follow up in a 1998 judgment? I sure don't have an answer for that. The IRS sometimes gets criticized for collecting too aggressively, sometimes for not collecting aggressively enough. I can't answer. So I guess the only thing I'll say is, but to the extent that there's this air that she's trying, there's this air in your brief that this person is trying to fight a tax that was imposed so long ago. He's like, well, I mean, part of the reason it's so long ago is because the IRS sat on this for 20 years, which is not her fault. We sat on it for 20 years, but we did obtain a judgment from the district court. Often that's what does the collection work for the IRS. But you didn't have to wait 20 years to realize it wasn't doing the collection work here. Agreed. So the other question is, when I just read the tax court's opinion, it just drives me crazy. On what plausible basis did the IRS argue that tax court lacked jurisdiction? That just seems like such a flagrant misuse of the word jurisdiction. I was genuinely flogged by it. I can't answer that either because, well, that sort of fell out of the equation. We're not contending that it didn't have jurisdiction. Okay. While we're asking questions. That's what we're here for. So if the La Rosas owed underpayment interest on 1981 and 1982 and they didn't pay it, that would be an unpaid tax, right? Correct. I hear they paid it and then they filed for a refund for part of that back. And the IRS gave part of that underpayment interest back. They gave part of the tax back. And then the IRS changed its mind and said, no, we were wrong. You do owe that to us. You do owe part of that same money. So it was an unpaid tax. They asked for a refund. They got a partial refund. And now the IRS wants that back. Why is it not still a tax? Why is it not still an unpaid tax? Because it was paid. Right. But there's plenty of courts saying you pay a tax and then the government can revive it when they give you the money back erroneously, right? Now you still have tax money that the IRS says is a tax to it. The consensus of courts is that payment of tax extinguishes the tax, except for the very narrow exception of when the IRS issues a refund, which is a rebate refund. And this was not. But why? That's like so tricky. That's just, I mean, the IRS can say, this is a tax. You owe us a tax. But if you pay it and we give it back to you, now it's not a tax. Right. And you couldn't. I mean, that's not at all what 6601 says. Right. 6601 says underpayment interest is a tax for all. When you read tax in the code, that includes underpayment interest in every section except the section about deficiency procedures. Right. And we're not in a section about deficiency procedures. Right. We are. We're in 6015. Right. 6015 is the innocent spouse relief. Yes. Right. And that's not in subchapter B of chapter 63. No, but we still have to decide whether it's an underpayment interest. So when I read unpaid tax in 6015, that includes underpayment interest. Right. That's just reading the two statutory provisions together. Okay. Let me say this. I mean, some of the confusion, I guess, I would say the government caused in the 1990s, in these earlier cases, the government was arguing in the 1990s that when it gave an erroneous refund, even if the tax had been paid and liability extinguished, the assessment lived on as a bookkeeping error, a bookkeeping entry. And the government could continue to use administrative tools to collect on the assessment because it was still there. And the court said, no, no, no, no. Starting with Wilkes in the Fifth Circuit, strong opinion in that sense. And then a number of courts followed it. And the government eventually had to change its position and accept the consensus of the courts that once the tax is paid, it's extinguished. And then if government gives the money back, it's not a tax liability. Well, this is all talking about the context of how the procedures, right, all of these cases arise in the context of how the IRS can go about collecting the money. Do they have to issue a new assessment? Can they proceed under one section or a different section, right? Yes. And the IRS needs to know what's the right way to go. Right. And the current settled law is once the tax is paid, it's extinguished. And if the IRS gives money back, it has to determine whether the refund was a rebate refund or a non-rebate refund. You keep saying it's settled law. And as I said to your friend on the other side, I guess I read a whole bunch of cases in preparing for this argument in which the IRS keeps insisting that this distinction is really important and really matters. And courts keep saying, stop trying to make this distinction happen. It doesn't apply here. I wonder what cases you're seeing that out of because... Well, I mean, I guess I could start with the statutory text. As Judge Rushing already walked you through, I have no idea where that distinction has anything to do with the statutory text in this context. It comes out of, it's the... Singleton is an opinion that I think pretty clearly says, stop trying to make this happen. The court was not sure whether it was going to accept the rebate... I don't read Singleton as saying the court was unsure. I read the court as saying, this distinction makes no sense. But even arguably assuming that it had some relevance, you still lose. That's not, that's not... I think the Singleton court made pretty clear it was not buying this distinction. Okay, well, it's certainly been accepted by the Seventh Circuit and the First Circuit and the Fifth Circuit. And some other circuits have said that you did accept it in Singleton. The Federal Circuit and the Second Circuit have lumped Singleton in with the other cases as accepting the rebate, non-rebate distinction. What about the Sixth Circuit and Greer? Fascinating case. They didn't dispense with rebate, non-rebate. But the analysis seemed to be, look, that distinction is not really determinative here. It's not relevant. We're not going to fight the distinction. But in the context of that case, it didn't really, it didn't matter because the court could apply the statutory language and they could understand what was going on. And I found the analysis there, it's not the same section that we're talking about, but I found it persuasive in looking at what is a tax amount and how can we tell that it's related, right? They applied, you apply for a refund of your taxes and you get that money back. The court was drawing a line there and saying that's pretty clearly tax amounts, whether the IRS considers it rebate, non-rebate, or, you know, any other adjective. I found that a fascinating case. I thought the court did a terrific job of tracing out the non-rebate, rebate distinction and the fact that taxes are considered extinguished by payment. But it was such an unusual set of facts where, in case anyone has forgotten, the taxpayer paid tax, asked for a refund, went to court because he was impatient that the issue was being disputed in the tax court and it was taken too long. So the district court ordered a refund, or dismissed the case and ordered the refund paid back. The Sixth Circuit finally had to say that it wasn't sure that it could consider that payment an erroneous refund. I mean, it wasn't the IRS paying it by mistake, it was court ordered, it was ordered by court to pay it. So the Sixth Circuit went out of its way to acknowledge this body of law and take its case out of that body of law under extremely unique circumstances. I don't think Catherine LaRose's case comes anywhere near that level of uniqueness. But why is their analysis of what is a tax amount and what is directly traced to payment of taxes and a tax refund, why is that not applicable here? I understand why one of the reasons they gave, which is that they couldn't really say it was erroneous because a court ordered it, why that doesn't apply. But the rest seemed pretty on point and they went out of their way to say, we're not questioning whether this makes it a rebate or a non-rebate, but this is a tax amount clearly and it's directly related to the request to receive a refund of tax amounts. It's not like the IRS accidentally sent them someone else's refund, right? It's the same thing here. Right. So why is that not persuasive and applicable here? Why shouldn't we adopt Greer's perspective on what is a tax amount, I think is the word they use. I think if you decide that this erroneous refund was an amount of tax, it will throw into disarray the IRS's ability to know how to proceed in the next time it issues an erroneous refund, and it will. But it won't be able to use this construct of what is a rebate refund and what is a non-rebate refund. Should the IRS in this case have tried to collect this erroneous refund with supplemental assessment and administrative collection tools? If the court's decision suggests that it should, it will throw into disarray what we now think are relatively settled rules about how the IRS should proceed. Do you agree that the Pelican Declaration sets out what is the underpayment interest and the overpayment interest? It sets out the alternative ways that the matter was computed. Yeah, but also the specific amounts, like how much of the refund is attributable to underpayment interest and overpayment interest? I don't quarrel with the Pelican Declaration. Okay, so you agree it's possible to disaggregate those? I think an accountant maybe could disaggregate, but maybe there are multiple ways to disaggregate. Certainly, a proposal wasn't presented to the tax court for how to do it. But the tax court had this declaration, yes? Yes, but as I tried to explain, there are alternative ways to figure it out. There's no way. I mean, once the refund, erroneous refund amount could be conceptualized as some amount of overpayment interest and some amount of underpayment interest, there are alternative formulations. Sure, the government might, if you end up in front of the tax court, not just accept the Pelican Declaration. You could try to argue that you should do it a different way. Is that the idea? For the district court, it was good enough to decide that... No, sure, the tax court didn't think any of this mattered because the tax court thought none of this is applicable. But if this court were to say some of it is applicable, then someone, either this court or the tax court, would have to try to disaggregate. Yes, the tax court would have to try to dig in and figure out whether it made sense to do it some other way. Two things I wanted to point out. I wanted to challenge my friend on the significance of the ideal realty case. Here's why the ideal realty case is not really ideal precedent. When a taxpayer pays a tax and sues for a refund, the court will have to really dig in and figure out whether they owe the tax or do a refund. In the ideal realty case, the IRS was threatening to collect administratively, and the taxpayer ran into district court and asked for an injunction. Between the Anti-Injunction Act, it's 7421 of the Internal Revenue Code and a Supreme Court exception, in order to get an injunction on collection. Of course, the record might not be as well developed in an injunction suit. But in order to get an injunction, the taxpayer has to show under no circumstances can the government prevail. It doesn't really require the district court or the court of appeals to dig in and figure out really what happened. And that was the status of the ideal realty case. One other thing. The cases say that a rebate refund requires a substantive recalculation of tax. I say here there was no amount of tax recalculated. The LaRosa's taxes for 1981, 2, and 3 were settled and recorded in a stipulated decision of the tax court. And the IRS's recomputation of interest didn't touch those tax amounts. My friend added a word to the formulation. He said the cases permit a rebate refund for a substantive recalculation of an item of tax, conceptualizing interest as an item of tax. So far, none of the cases deal solely with interest. All require the most common formulation of this test for what a rebate is. They require a substantive recalculation of tax. Would that be the distinction between a liability and an assessment? No. So your colleague on the other side, I think, urges us to distinguish between the two. And it's my understanding that you are reading the two as the same. Is that right? In other words, if we were to find that what is at issue here is, In other words, does it matter whether this is a liability, whether this is an assessment or a liability for purposes of our analysis? No. We would say at this point that they're one and the same. The full payment extinguished the assessment and the liability both. And so you're saying that, in fact, neither is at issue. Neither an assessment nor a liability. But this is a wholly different thing. Right. This is not a tax assessment or a tax liability. It's a liability for unjust enrichment. If there are no more questions, I'll stop. Thank you, counsel. Some time left on rebuttal. Just one point that I'd like to close with. I just want to respond to the argument that potentially the analysis that Mrs. LaRosa is offering here as to why there's an unpaid tax would somehow throw tax administration into disarray. I want to disagree with that and walk the court through what I believe is relatively established. And what we are trying to do here is just to apply the rules as relatively established. In Singleton, this court said there are two ways to collect an erroneous refund. The government can bring an action under 7405. That is one of the ways. And that is the way that it did so here with respect to the erroneous payment of underpayment interest. In addition, the IRS can make a supplemental assessment and to collect administratively. And that is what the government did. That is what the IRS did with respect to an erroneous refund of underpayment interest, which is the same as here, in ideal realty. So between this case and that case, you have the government exercising both of its options. And here, regardless of which option they choose, the nature of the underlying liability is the same. It is an unpaid tax. And how do we know? Well, we have gone over a number of reasons in the opening colloquy, but one of them that I would add is, when you make a supplemental assessment, in order for the IRS to make a supplemental assessment, there must be a tax that the IRS is assessing. There has got to be a tax liability. The IRS can't assess nothing. It can't make up debts that the taxpayers are obligated to pay. It must find that there is a tax owed under the Internal Revenue Code. And so, therefore, by the IRS's own practice, by the terms of the Internal Revenue Code, by the decision law, there is an unpaid tax here. And Mrs. LaRoche should be eligible for innocent spouse relief. And this case go down for her to be able to substantiate that. With that, I thank you for your time, and we submit. We'll come down and greet counsel and move to our last case.
judges: Allison J. Rushing, Toby J. Heytens, Nicole G. Berner